191 N.J. Super. 530 (1983)
468 A.2d 430
GENERAL ACCIDENT GROUP OF INSURANCE CO., PLAINTIFF-RESPONDENT,
v.
LIBERTY MUTUAL INSURANCE CO., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 16, 1982.
Decided July 8, 1983.
*531 Before Judges BOTTER, POLOW and BRODY.
G. Paul Crawshaw argued the cause for appellant (Martin, Crawshaw & Mayfield, attorneys; G. Paul Crawshaw on the brief).
C. Kennon Hendrix argued the cause for respondent (Cummins & Hendrix, attorneys; Wizmur & Sacharow of counsel; Steven B. Sacharow on the brief).
The opinion of the court was delivered by BOTTER, P.J.A.D.
Liberty Mutual Insurance Company (Liberty) issued an insurance policy to its insured, Car Rentals, Inc. (Car Rentals), with a single liability limit of $2,000,000 for personal injuries and property damages resulting from any one occurrence.[1] The named insureds were Car Rentals, other corporations not relevant here, and employees of the named insured. The policy contained an endorsement, referred to as a rentees liability amendment, designating lower limits of liability for a "Rentee." The endorsement set bodily injury limits of $100,000/$300,000 for private passenger vehicles and commercial tractors and semi-trailers leased to a rentee. "Rentee" was defined as the lessee of the vehicle for less than one year, including any person using the vehicle with the rentee's permission. The issue in the case is whether the step-down arrangement  higher limits for the owner-lessor and its employees, and lower limits for the rentee and its permissive users  violates the omnibus clause requirements of N.J.S.A. 39:6-46, the statute in effect when the policy was written and when the accident which triggered this litigation occurred. In a letter opinion, the trial judge held that the two tier arrangement in one policy violated the statute and *532 that the policy must be read to afford coverage at the higher limit, $2,000,000, for any permissive user of an insured motor vehicle. Liberty appeals from that decision, and we now reverse.
The underlying facts giving rise to this case are not in dispute. In September 1976 an automobile operated by Michael Schettini collided with a truck owned by Car Rentals. Car Rentals had leased the truck to American Telephone & Telegraph Co. (AT & T), and it was driven by AT & T's employee, Cesar Perez, at the time of the accident. Schettini sued Perez, AT & T and Car Rentals. We are told that in the trial on liability only, Schettini was found 30% negligent and Perez 70%. Prior to trial summary judgment was entered in favor of Car Rentals. The parties thereafter agreed to a substantial structured settlement that exceeded $100,000 and was less than $1,000,000.
Plaintiff in the case before us, General Accident Group of Insurance Co. (General Accident), was the automobile liability carrier for AT & T. It had issued a policy providing AT & T and its employees excess coverage in the amount of $1,000,000 for liability arising out of the lease or use of vehicles. It is agreed that Liberty's policy affords primary coverage for the damage claim in question. However, Liberty contends that the limit of such coverage for Schettini's claim is $100,000 based on the rentee's endorsement. In this action General Accident sought a declaration that the $2,000,000 limit of Liberty's policy applies. As noted above, the trial judge agreed with General Accident's position.
AT & T is not at risk in this case. It has the benefit of coverage under the Liberty policy insuring the rented vehicle operated by its employee. It also has excess coverage under the General Accident policy. The settlement with Schettini is within the combined limits of both policies, whatever limit of primary coverage is found to apply under the Liberty policy. It may also be noted, regardless of its legal significance, that the rental contract between Car Rentals and AT & T clearly provided *533 that Car Rentals would supply insurance with limits of $100,000/$300,000 for bodily injury liability and $25,000 for property damage liability (as well as $250 deductible comprehensive and collision coverage or no deductible at an additional charge). The rental contract contained other provisions explaining the coverage for liability in limits of $100,000 for each person but not more than $300,000 for each accident for "anyone permitted by this agreement to drive the car."[2]
N.J.S.A. 39:6-46, which has since been repealed by L. 1979, c. 169, § 5, required all motor vehicle policies furnished as proof of financial responsibility under our law to afford minimum liability coverage of $15,000 per person and $30,000 per accident. The statute provided that the insurance coverage on a designated vehicle must insure "the insured named therein and any other person using or responsible for the use of any such motor vehicle with the express or implied consent of the insured...." Selected Risks Ins. Co. v. Zullo, 48 N.J. 362, 373 (1966), held that all insurance policies "must have the broad form omnibus coverage" required by N.J.S.A. 39:6-46, and any policy "which purports to have a more restrictive omnibus coverage is automatically amended to conform to the statutory standard." The issue in Zullo was whether a policy limitation could restrict coverage for an accident occurring while the operator to whom a vehicle was entrusted departed from the scope of use for which permission had been granted initially. Zullo invalidated any such restriction.
Closer to the case at hand is Keystone Ins. Co. v. Atlantic Chrysler Plymouth, Inc., 167 N.J. Super. 353 (Law Div. 1979). There the court invalidated a provision in a garage owner's automobile policy which purported to eliminate omnibus coverage to the extent that a customer using the insured's vehicle had *534 valid and collectible insurance sufficient to meet the limits of the financial responsibility law. The intended effect was to allow coverage for the named insured but to afford coverage when the vehicle is used by a customer only to the extent that the customer does not have insurance with the minimum limits required by law. As to such users, the policy sought to declare the garage customers "not [i]nsureds," unless an exception applied.
The holding in Keystone was relied upon by the trial judge in the case at hand. We have no quarrel with the Keystone decision, but we find a distinction in the case of rental vehicles that permits a different result here. This difference is in the classes of users of rented motor vehicles, a difference recognized by the Legislature in N.J.S.A. 45:21-1 et seq. We note, incidentally, that no mention was made of this statute in the trial court's opinion.
N.J.S.A. 45:21-1 et seq. deals with motor vehicles which are rented or leased for operation by lessees or bailees. N.J.S.A. 45:21-1 defines "owner" as a person "engaged in the business of renting or leasing motor vehicles, without a driver, to be operated by the lessee or bailee, his agent or servant, for purposes other than the transportation of passengers for hire." N.J.S.A. 45:21-2 provides that every owner must file with the clerk of the municipality in which he resides or has his place of business a policy of insurance "insuring such owner against loss from the liability imposed by law upon such owner" for damages because of bodily injury or death suffered by any person other than the owner's employee or a person in the vehicle as a driver or occupant arising out of the negligent maintenance, use or operation of the motor vehicle. The policy limits established by N.J.S.A. 45:21-3 for such insurance are $10,000/$20,000 for bodily injury or death, and $5,000 for property damage. N.J.S.A. 45:21-3 further provides that the policy "shall provide for the payment, subject to the aforesaid limits of liability, of any final judgment recovered by any person on account of the ownership, maintenance and use of such motor vehicle by either *535 the owner or the lessee or bailee, his agent or servant, or any fault in respect thereto, and shall be for the benefit of any person suffering loss, damage or injury as aforesaid." (Perhaps by oversight, the limits of coverage were not increased to the limits established by the 1972 amendment of N.J.S.A. 39:6-46).
We need not concern ourselves with various issues that have arisen under N.J.S.A. 45:21-1 et seq. See Cosmopolitan Mut. Ins. Co. v. Continental Casualty Co., 28 N.J. 554 (1959); Williams v. American Home Assurance Co., 121 N.J. Super. 351 (App.Div. 1972), certif. den. 62 N.J. 260 (1973); Schimek v. Gibb Truck Rental Agency, 69 N.J. Super. 590 (App.Div. 1961). We note briefly, however, that the purpose of the statute was described in the Cosmopolitan case as the protection of the public "from the irresponsibility of persons operating hired motor vehicles on our highways," but the court held that the statute "does not require that a policy issued in compliance therewith be primary insurance." Cosmopolitan Mut. Ins. Co. v. Continental Casualty Co., supra 28 N.J. at 563. We note, also, that Schimek held that the statute was not intended to change the common law rule that the owner of a vehicle is not liable for injury caused by the negligence of a lessee or bailee unless the vehicle was used at the time on the owner's business. We also note that N.J.S.A. 45:21-10 provides that this statute does not exempt any person owning or operating a rented motor vehicle from complying with existing statutes "relating to the ownership, registration and operation" of motor vehicles in this state.
N.J.S.A. 45:21-1 et seq. and N.J.S.A. 39:6-46 serve common purposes, and are similar in a number of respects. We find it significant that the Legislature has provided separate requirements for liability insurance coverage by motor vehicle owners engaged in the business of renting or leasing motor vehicles. N.J.S.A. 45:21-2 requires insurance coverage for liability "imposed by law upon such owner." N.J.S.A. 45:21-3 broadens the coverage to protect against liability arising out of the ownership, maintenance or use of the motor vehicle "by either the owner or the lessee or bailee, his agent or servant." Owners of *536 motor vehicles rented without a driver for operation by others may be viewed in practical terms as a separate class from motor vehicle owners in general. To some extent, companies in the business of renting motor vehicles to others have less control over and knowledge of the persons using their motor vehicles. We see no reason why such owners cannot insure themselves against liability at higher limits than the limits provided for their lessees and persons using the vehicles with the permission of the lessees, so long as the minimum limits of the law are satisfied. If the minimum limits provided by law are inadequate, that is a matter that should be reconsidered by the Legislature.
Suffice it to say that in the case at hand we perceive enough differences in the interests of a company engaged in the business of renting motor vehicles and those of an individual lessee to allow the renting company to carry such limits as it considers necessary for its own protection without requiring that identical limits be provided for the protection of the lessee. This is not a subject that has been clearly addressed by the Legislature, and we cannot say that allowing such differences in liability limits contravenes an express policy of the Legislature. We do not quarrel with the holdings of other cases which have invalidated departures from the broad and uniform requirements of omnibus coverage. We intend this opinion to be limited solely to those owners of motor vehicles governed by N.J.S.A. 45:21-1 et seq.
Liberty has argued that its policy conforms to all requirements of our law and that, had it issued two policies with different limits, the coverage would have been unassailable. General Accident responds by saying that only one policy was issued in this case and, therefore, only one set of limits can apply no matter who uses the vehicle, in order to satisfy the omnibus provisions of N.J.S.A. 39:6-46. Conceivably, Liberty could have issued one policy covering the owner and all other users, employees and lessees alike. Without offending omnibus requirements it can be argued that Liberty could then have issued a policy to *537 the owner, Car Rentals, which would have been excess coverage. Our decision, however, is not based on the form of the transaction.[3] We perceive, and the Legislature has recognized, car rental companies as a separate class. Construing the endorsement for lessees or rentees in this case as conforming to the omnibus requirements that normally apply to motor vehicle insurance written in this state, see note 2 above, we can accept the separate limits of coverage for Car Rentals contained in the Liberty policy.
Accordingly, we hold that Liberty is obliged to contribute $100,000 toward the settlement of the underlying action and General Accident is required to contribute the remainder.
The case is remanded to the trial court for the entry of an appropriate judgment consistent with this opinion.
Reversed and remanded. We do not retain jurisdiction.
NOTES
[1] One part of the endorsement speaks of this limit as "$2,000,000 each occurrence." Another portion specifies the same limit, "[r]egardless of the number of ... (4) occurrences or other incidents giving rise to claims or suits...." This potential conflict is not in issue in this case and is irrelevant to the issue presented by this appeal.
[2] The agreement provided: "Drivers must be 21 years of age or over." This provision is not an issue in this case. Liberty contends that the Rentee's endorsement satisfies the omnibus coverage requirements of the New Jersey law. See text above.
[3] See Lundy v. Aetna Casualty & Sur. Co., 92 N.J. 550, 560 (1983), in which one policy covering three vehicles was "treated the same as three separate policies, one for each car" for the purpose of stacking uninsured motorist coverage.