261 N.J. Super. 1 (1992)
617 A.2d 664
SELECTIVE INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v.
CHARTER RISK RETENTION GROUP INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 9, 1992.
Decided November 19, 1992.
*2 Before Judges COLEMAN and SHEBELL.
Hoagland, Longo, Oropollo & Moran, attorneys for appellant (Michael John Stone, of counsel; Debra T. Kuser, on the brief).
Gorrin & Gorrin, attorneys for respondent (Thomas J. Mooney, on the brief).
The opinion of the court was delivered by SHEBELL, J.A.D.
The issue presented is whether an insurer providing a liability insurance policy on behalf of an "owner" engaged in the business of renting or leasing motor vehicles as defined in N.J.S.A. 45:21-1 may restrict the coverage afforded under the policy to the "owner interest" excluding "[c]overage for rentee of insured units" and may further provide that "Financial Responsibility filing made in behalf of the named insured extends only to the owner of the vehicle." We conclude that the restrictions imposed by the insurer are invalid and that minimum liability coverage must be afforded under the policy to the lessee. We therefore affirm the summary judgment granted by the Law Division judge including respondent's entitlement to an award of attorneys' fees.
In February 1991, Selective Insurance Company of America (Selective) instituted an action in the Law Division against appellant Charter Risk Retention Group Insurance Company (Charter) seeking to compel Charter to indemnify Alberto L. Alves for any judgments or settlements arising out of claims relating to Alves' motor vehicle accident of January 21, 1989, while he was operating a vehicle leased from Approved Rental, Inc. (Approved). Selective insured Alves under a policy of liability insurance which contained the clause that any coverage applying to a "`non-owned auto' ... will be excess over any collectible insurance."
*3 Charter refused to defend or indemnify Alves because the policy of insurance it had issued to Approved stated that "[c]overage for rentee of insured units is not contemplated by this policy." Approved apparently is no longer in operation, and it is unknown whether it obtained other liability coverage insuring lessees. The lease agreement provided by Approved required that liability and property damage coverage be provided by the lessee's existing insurance policy pursuant to the policy's temporary substitute coverage provision.
The parties agree that the provisions of N.J.S.A. 45:21-2 and -3 require that the owner of an automobile leasing business "provide for the payment, ... of any final judgment recovered by any person on account of the ownership, maintenance and use of such motor vehicle by either the owner or the lessee or bailee, his agent or servant, or any fault in respect thereto, ...." N.J.S.A. 45:21-3. It is, however, the position of Charter that:
As a whole, N.J.S.A. 45:21-1, et seq., creates statutory obligations for owners of rental vehicles, but does not create any obligation for insurance carriers providing insurance coverage to the owner of the rental vehicles. N.J.S.A. 45:21-1, et seq., only requires that owners or "one engaged in the business of renting motor vehicles" provide a minimum liability policy to rentees, but does not impose liability on carriers providing rentors with coverage other than for rentees. Put simply, the statute does not deal with a situation before the Court.
Appellant further notes that "[i]n the matter at bar, all innocent victims have been compensated by Mr. Alves' insurance coverage with Selective. Therefore, the Court need not be concerned about any alleged contravention of public policy concerns behind the adoption of N.J.S.A. 45:21-1, et seq."
We noted in Rao v. Universal Underwriters Ins. Co., 228 N.J. Super. 396, 402, 549 A.2d 1259 (App.Div. 1988), that the Legislature in mandating insurance coverage for motor vehicles operated on the roadways of this State "created such a `safety net' in order to guarantee that at least the statutory minimum amount of compensation remains available to individuals injured in automobile accidents by requiring all motorists to *4 provide a minimum level of insurance." More specifically, we held that "[t]he automobile-rental statutory provision implicated in this case, N.J.S.A. 45:21-1 et seq., is part and parcel of that statutory `safety net.'" Ibid. We stated that "[i]t insures that a lessor will provide such insurance coverage irrespective of whether a lessee does so." Ibid.
We are satisfied that, in keeping with the Legislature's intention of guaranteeing protection in these circumstances, policies of insurance filed in compliance with N.J.S.A. 45:21-2 and -3 be required to provide the coverage to lessees without exception. We, therefore, hold that to the extent Charter's endorsement attempts to carve out or restrict required statutory coverage under N.J.S.A. 45:21-3 that it constitutes an illegal escape clause. See Selected Risks Ins. Co. v. Zullo, 48 N.J. 362, 225 A.2d 570 (1966); see also Allstate Ins. Co. v. Royal Globe Ins. Co., 195 N.J. Super. 598, 481 A.2d 298 (App.Div. 1984). We, therefore, affirm the summary judgment granted Selective.
The trial judge ordered that Charter reimburse Selective for all the attorneys' fees and costs incurred for both the defense of the claims against Alves and in prosecution of the present declaratory judgment action. It is the contention of appellant that the counsel fee issue was not ripe for determination because "a Notice of Appeal had already been filed by Charter Risk." Charter "acknowledged that R. 4:42-9(a)(6) reposes in the trial court the discretion of whether to award fees, Felicetta v. Commercial Union Insurance Company, et al., 117 N.J. Super. 524, 285 A.2d 242 (App.Div. 1971), [certif. denied, 60 N.J. 141, 286 A.2d 514 (1972)] ..." and therefore observes that "[s]hould Charter Risk receive a favorable Appellate review, payment of attorney's fees to Selective would prove unjust and unwarranted...." In view of Selective's position as the prevailing party in this appeal, we find no need to consider appellant's argument with respect to counsel fees.
Affirmed.