268 N.J. Super. 319 (1993)
633 A.2d 975
AGENCY RENT-A-CAR, INC., PLAINTIFF-RESPONDENT,
v.
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, RELIANCE INSURANCE COMPANY OF NEW YORK, DEFENDANTS-APPELLANTS, AND SECURITY COURIER SERVICES, INC., DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued September 14, 1993.
Decided September 30, 1993.
*320 Before Judges PRESSLER, DREIER and KLEINER.
Michael F. O'Neill argued the cause for appellants (Purcell, Ries, Shannon, Mulcahy & O'Neill, attorneys; Mr. O'Neill, of counsel and on the brief, David C. Barry, on the brief).
Maxine H. Neuhauser argued the cause for respondent (Epstein, Becker & Green, attorneys; M. Elaine Jacoby, of counsel, Ms. Neuhauser, on the brief).
David A. Stone argued the cause on behalf of amicus curiae The Hertz Corporation (Stern & Greenberg, attorneys; Mr. Stone on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Defendants appeal from a summary judgment declaring plaintiff's self-insurance obligations for four underlying bodily injury and wrongful death cases to be limited to $30,000.
Plaintiff, Agency Rent-A-Car, applied for and received a Self-Insurer Certificate from the Division of Motor Vehicles effective February 27, 1981.[1] In June 1990, plaintiff rented a car to defendant Security Courier Services, Inc. On June 21, 1990, one of Security's employees was involved in a head-on collision while driving the leased Agency vehicle. Five deaths resulted from the collision, including that of Security's driver. Four separate actions arose from the accident in which Security and its driver's estate were named as defendants. These four cases settled for a total amount of $475,000.
*321 At the time of the June 21, 1990 accident, plaintiff was self-insured up to $500,000.[2] In its accident and claim activity report to the State of New Jersey, Department of Insurance, plaintiff reported its liability per accident as $15,000/$30,000/$5,000 ($15,000 per accident for single injury; $30,000 per accident for multiple injuries; $5,000 per accident for property damage). To the date of this accident, plaintiff reported to the Insurance Department that it had paid two bodily injury and seventy-three property damage claims from a total of 160 accidents.
After hearing the arguments of counsel and discussing the peculiar nature of self-insurance, the trial judge concluded:
What we have here is ... a contractual undertaking by which [plaintiff] and Security agreed by its contract through which Security obtained possession of this vehicle that [plaintiff] would provide liability protection to the extent of 15,000 for one injury, 30,000 for one accident. That is what the parties contracted. And the defendants here are asking this Court to find as a matter of law that the contract between those parties conflicted with the public policy of this State as reflected in Ryder[3] and would thereby subject [plaintiff] to footing the bill up to $500,000 before there is any insurance that would be provided by either of the defendants here or the excess carrier for Security, which had been Lexington and I believe General Star.
....
And the question is a very simple one. Does Ryder mandate that this Court ignore the provisions of Title 45, which required minimum coverage of 15 and 30, and the contract between the parties that such protection would be provided? I think not.
Defendants Reliance and Indemnity filed separate notices of appeal which were consolidated by order dated August 31, 1992. *322 The issues in this consolidated appeal focus solely on the coverage afforded by plaintiff to Security.
Every automobile lessor, regardless of whether it is an approved self-insurer, must carry liability insurance. Such insurance is required to insure
such [lessor] against loss from the liability imposed by law upon such [lessor] for damages on account of bodily injury or death suffered by any person other than a person in the employ of such owner, or a person in, on or about such motor vehicle in the status of a driver, passenger for hire or occupant, as a result of accidents occurring by reason of the negligent maintenance, use or operation of such motor vehicle upon the public highways of this state.

[N.J.S.A. 45:21-2.]
N.J.S.A. 45:21-8 permits a motor vehicle lessor to carry its own liability insurance "if it can reasonably satisfy the commissioner of banking and insurance as to the permanence and financial standing of its business." Having received such authorization, the lessor must continually demonstrate the financial ability to pay damages in order to maintain this privilege. Ibid.
Title 45 also places explicit liability limits on the insurance which motor vehicle lessors must carry.
Such [required] policy of insurance shall provide a limit of liability on the part of the insurer, exclusive of court costs and the expenses of investigating and defending suits, for each motor vehicle covered thereby, in the sum of $10,000.00 for bodily injury to or death of any 1 person, and, subject to the same limit of liability for each person so injured or killed, in the sum of $20,000.00 for bodily injury to or death of more than 1 person in any 1 accident, and for damage to property in the sum of $5,000.00; and shall provide for the payment, subject to the aforesaid limits of liability, of any final judgment recovered by any person on account of the ownership, maintenance and use of such motor vehicle.... Such policy of insurance shall contain a provision for a continuing liability thereunder, subject to the aforesaid limits of liability, notwithstanding any recovery thereon, and shall further provide that nothing contained therein ... shall relieve the insurer, within the limit of liability aforesaid, from the payment of any such judgment.... The provisions of this chapter, so far as may be requisite, shall be read into and deemed to form a part of any such policy.

[N.J.S.A. 45:21-3].
These $10,000/$20,000/$5,000 limits are outdated. N.J.S.A. 39:6B-1 (New Jersey No Fault Law, effective Jan. 1, 1973) mandates *323 higher minimum coverage of $15,000/$30,000/$5,000 for every motor vehicle on the road. This court has repeatedly postulated, and we reiterate, that the lower limits expressed in N.J.S.A. 45:21-3, which have not been amended since 1959, are merely a legislative oversight. They should now be read as incorporating the higher $15,000/$30,000/$5,000 minimums. Rao v. Universal Underwriters Ins. Co., 228 N.J. Super. 396, 400 n. 2, 549 A.2d 1259 (App.Div. 1988); General Accident Group of Ins. Co. v. Liberty Mutual Ins. Co., 191 N.J. Super. 530, 534-535, 468 A.2d 430 (App.Div. 1983); see Kattoura v. Patel, 262 N.J. Super. 34, 41 n. 3, 619 A.2d 1031 (App.Div. 1993); cf. Selective Ins. Co. v. Charter Risk Retention Group Ins. Co., 261 N.J. Super. 1, 4, 617 A.2d 664 (App.Div. 1992) (stating that N.J.S.A. 45:21-3 is part of the same statutory "safety net" created by N.J.S.A. 39:6A-3 and 39:6B-1).
Plaintiff's May 28, 1990 rental contract with Security contained a provision explicitly limiting plaintiff's liability to the statutory limits.
6. Lessor agrees to indemnify and hold harmless Customer and authorized operators only during the term of this Agreement, for liability and property damage claims up to the minimum dollar amounts required for any one (1) rental automobile, per occurrence, by the applicable motor vehicle financial responsibility laws of the State in which this Agreement of Rental was executed by the parties hereto.
In accordance with the limits of N.J.S.A. 45:21-3, as judicially amended by N.J.S.A. 39:6A-3, plaintiff, as a legislatively-authorized self-insurer, must furnish at least $15,000/$30,000/$5,000 coverage. Christy v. City of Newark, 102 N.J. 598, 608, 510 A.2d 22 (1986). Cf. White v. Howard, 240 N.J. Super. 427, 430, 573 A.2d 513 (App.Div.), certif. denied, 122 N.J. 339, 585 A.2d 354 (1990) (Agency Rent-A-Car held liable as self-insured primary provider and required to reimburse secondary provider for first $15,000 paid on claim).
Notwithstanding plaintiff's apparent contractual liability limits of $15,000/$30,000/$5,000 in its agreement with Security, defendants insist that plaintiff is required to indemnify Security for the entire settlement amount. Although this absolutely contravenes the terms of plaintiff's rental agreement with Security, *324 defendants assert that plaintiff's liability limits are supplanted by N.J.S.A. 39:6-52, N.J.S.A. 39:6A-3 and by the Supreme Court's holding in Ryder/P.I.E. Nationwide, Inc. v. Harbor Bay Corp., Inc., 119 N.J. 402, 575 A.2d 416 (1990).
The Supreme Court in Ryder/P.I.E. ruled that a company, which had been granted self-insurer status under N.J.S.A. 39:6-52, was liable for "loading and unloading" liability to the full extent of its self-insurance. The minimum coverage required by N.J.S.A. 39:6B-1 (the same requirements as in N.J.S.A. 39:6A-3) did not limit Ryder's liability. Id. at 412, 414, 575 A.2d 416. The Court there reiterated that "a self-insurance certificate [is treated] as the equivalent of a policy of insurance." Id. at 413, 575 A.2d 416. Accordingly, the Court ruled that a self-insurer must bear "the risk of loss to the extent that a self-insurer's assets are at risk to satisfy any judgments rendered against it." Ibid.
Unlike plaintiff in the case before us, the self-insurer in Ryder/P.I.E. was not a lessor of motor vehicles with a contractual limitation on its liability. The Ryder/P.I.E. case involved the liability of a company for a forklift injury to one of its employees, incurred while the employee was loading and unloading a delivery at a warehouse. Id. at 404, 575 A.2d 416. The statutory minimum did not apply to the "loading and unloading" liability. The self-insurer in Ryder/P.I.E. therefore had no valid claim to limit its liability to statutory minimums in the absence of an express agreement.
Here, the insurer is responsible to the lessee solely on the basis of contractual indemnification up to the fixed amount established by the statute. The claim against the lessee triggers the indemnification, but it cannot increase the amount of the contractual liability.
N.J.S.A. 45:21-3 (as amended) defines the mandatory liability of a self-insured motor vehicle lessor. Plaintiff is entitled to utilize these limits. Furthermore, plaintiff is entitled to establish and abide by contractual limitations for indemnification to the extent they are not inimical with the law. See Allstate Ins. Co. v. Royal *325 Globe Ins. Co., 195 N.J. Super. 598, 606, 481 A.2d 298 (App.Div. 1984). The Ryder/P.I.E. principles would be applicable only if liability was asserted outside of the context of N.J.S.A. 39:6A-3, as, for example, if plaintiff had separately agreed, with a different contractual limitation, to indemnify the lessee for the lessee's failure to maintain the vehicle properly or for hiring unskilled drivers. Additionally, plaintiff could be responsible without limitation for its own acts, such as for supplying a defective vehicle. See Cintrone v. Hertz Truck Leasing & Rental Serv., 45 N.J. 434, 212 A.2d 769 (1965). Such facts, however, are not present here.
Plaintiff's self-insurance liability for indemnification is therefore subject to the $15,000/$30,000/$5,000 limits established by its contract and by N.J.S.A. 45:21-3, as amended by N.J.S.A. 39:6A-3.
Affirmed.
NOTES
[1] Plaintiff sought and received its status as a self-insurer pursuant to the procedures of N.J.S.A. 39:6-52 (general self-insurance provisions). This was the only application process available to plaintiff as there exists no separate application process to seek self-insurance pursuant to N.J.S.A. 45:21-8 (self-insurance provisions specifically for motor vehicle lessors).
[2] Lexington Insurance Company provided excess insurance to plaintiff beyond $500,000 up to a policy limit of $4,500,000. Because the cases settled for $475,000, Lexington's interest in this case terminated upon settlement of the underlying cases. Security was insured at the time of the accident by four policies: a business auto policy with Indemnity Insurance Company of North America; a second business auto policy with Reliance Insurance Company of New York; and two excess insurance policies with Lexington Insurance Company and General Star Insurance Company.
[3] Ryder/P.I.E. Nationwide, Inc. v. Harbor Bay Corp., Inc., 119 N.J. 402, 575 A.2d 416 (1990).