834 A.2d 443 (2003)
364 N.J. Super. 41
Patricia A. HANCO and Julio Hanco, Plaintiffs,
v.
Rowela A. SISOUKRAJ, Defendant/Third-Party Plaintiff-Appellant,
v.
Lexington Insurance Company, Third-Party Defendant/Fourth-Party Plaintiff/Respondent,
v.
Allstate Insurance Company, Fourth-Party Defendant/Appellant, and
Gold Key Lease, Inc., Defendant/Third-Party Plaintiff, and
Anita R. Delos Santos, Fourth-Party Defendant.
Superior Court of New Jersey, Appellate Division.
Argued October 21, 2003.
Decided November 7, 2003.
*444 John G. Tinker, Jr., Cedar Knolls, argued the cause for appellants Sisoukraj and Allstate Insurance Company (Leary, Bride, Tinker & Moran, attorneys; Mr. Tinker, on the brief).
*445 V. Vincent Velardo, Montclair, argued the cause for respondent Lexington Insurance Company (Velardo and Velardo, attorneys; Mr. Velardo, of counsel and on the brief).
Before Judges PRESSLER, CIANCIA and PARKER.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
This is an insurance coverage case in which the real parties in interest are two insurance companies, Lexington Insurance Company, which issued a policy to an automobile rental firm, Gold Key Lease, Inc., insuring the vehicles owned by it, and Allstate Insurance Company, which insured a vehicle leased by Gold Key to its insured. The vehicle was involved in an accident. The issues are which of the carriers, if not both, are obligated on the risk under their respective policies and whether the coverage provided by each is primary or excess and in what amount. Under the undisputed facts, we conclude that both carriers are excess insurers with the consequence that both are, in effect, primary.
The coverage issue was joined with the underlying automobile negligence case by way of third- and fourth-party impleaders. Plaintiff Patricia A. Hanco, whose husband Julio Hanco sued per quod, filed an automobile negligence complaint seeking damages against defendant Rowela A. Sisoukraj for the injuries she sustained when the vehicle she was driving was struck by defendant's vehicle. The vehicle defendant was driving had been leased by Gold Key to Anita R. Delos Santos, and defendant Sisoukraj was the permissive user of that vehicle. The leasing agreement entered into between Gold Key and Delos Santos required her to obtain her own insurance on the vehicle with liability limits of $100,000/$300,000 as well as prescribed property damage and comprehensive coverage and to add Gold Key as an additional insured under that policy. Delos Santos complied with the requirement of the lease by obtaining a policy covering the leased vehicle from Allstate. The Allstate policy contained an other-insurance clause providing that:
If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.
Gold Key, as the owner of the vehicle, also had liability insurance, the policy issued by Lexington. There is no dispute that the Lexington policy insured only Gold Key and not its lessees, the policy obligating Gold Key to require its lessees to obtain their own insurance and to provide Gold Key with an appropriate certificate of insurance. The other-insurance clause of that policy provided that:
This coverage shall be excess over any valid and collectible insurance available to YOU whether such insurance is primary, excess or contingent. OUR liability to YOU under this coverage shall not begin until all other such insurance has been exhausted by payments of judgments or settlements.
The liability limit of the Lexington policy was $500,000.
As the negligence suit progressed, defendant Sisoukraj impleaded Lexington seeking a defense and indemnification, and Lexington impleaded Delos Santos and Allstate. Lexington and Allstate cross-moved for summary judgment on the coverage issue. The judge ultimately determined that Allstate was the primary carrier and Lexington, whose policy the court *446 reformed to cover lessees, was the excess carrier. The underlying negligence action was settled within the Allstate coverage limits, and Allstate appealed.
We begin our analysis of the coverage dispute by focusing first on the Lexington policy. As the trial court correctly held, the policy's exclusion of lessees and their permissive users violates N.J.S.A. 45:21-1 to -15 and, more particularly, N.J.S.A. 45:21-3, which requires automobile leasing companies to maintain liability insurance in the minimum amount of $15,000/$30,000 covering "the owner or the lessee or bailee, his agent or servant," in other words, an all-inclusive, broad omnibus coverage requirement.[1] As the Supreme Court made clear in Selected Risks Ins. Co. v. Zullo, 48 N.J. 362, 373, 225 A.2d 570, 576-77 (1966), a policy written to satisfy a statutory obligation must afford coverage at least as broad as the statutory requirement. Hence, "[a] policy which purports to have a more restrictive omnibus coverage is automatically amended to conform to the statutory standard." Ibid. We applied that principle in Rao v. Universal Underwriters, Inc., 228 N.J.Super. 396, 549 A.2d 1259 (App.Div.1988), to an automobile lessor's policy which provided $300,000 in coverage to the lessor but afforded the lessee the statutory coverage mandated by N.J.S.A. 45:21-3 only in the event the lessee had not obtained its own insurance. In a coverage dispute between the lessee's own insurer and the lessor's insurer, we reformed the lessor's policy so as to provide minimum statutory coverage for the lessee. We held that to the extent the lessor's policy "attempts to preclude coverage entirely because of the [lessee's] other coverage ..., it is contrary to the statutory mandate and constitutes an illegal escape clause." Id. at 404, 549 A.2d at 1263. See also Selective Ins. v. Charter Risk, 261 N.J.Super. 1, 4, 617 A.2d 664, 666 (App.Div.1992), in which the lessor's policy, like Lexington's here, expressly limited its coverage to the lessor. We held that limitation to constitute an illegal escape clause and affirmed the trial court's judgment reforming the policy to provide minimum statutory coverage.[2]
We reject Allstate's argument, however, that the reformation of Lexington's policy should afford coverage to the lessees and their permissive users in the amount of the lessor's $500,000 coverage limits rather than the statutory $15,000/$30,000. We considered and rejected a similar argument in Rao, supra, 228 N.J.Super. at 404-406, 549 A.2d at 1263-64. It was there urged by the lessee's own insurer that since the escape clause was illegal, the entire clause was nugatory and the coverage for lessees should be in the same amount as the stipulated coverage limits for the lessor. Noting that we had previously determined that a step-down provision providing higher coverage limits for the lessor than for the lessee was valid, see General Accident Group of Ins. v. Liberty Mut. Ins. Co., 191 N.J.Super. 530, 468 A.2d 430 (App.Div.1983), we concluded that since there is no statutory requirement for coverage greater than the designated *447 statutory limits, the reformation of a policy to conform with the statute requires no greater coverage than the statute itself mandates. We did not limit our holding in this respect to the situation there, namely, an illegal escape clause which provided statutory limits if there was no other coverage. Rather we made clear that that consequence would follow whenever the policy failed to comply with the statute. We continue to adhere to that proposition. We point out that N.J.S.A. 45:21-3 concludes with the mandate that its provisions "so far as may be requisite, shall be read into and deemed to form a part of any such policy." In view of the validity of step-down provisions, we are satisfied that reformation of the policy is required only to provide the coverage limits mandated by the statute, and no greater coverage may be appropriately "read into" the policy as written.
Reformation of the Lexington policy requires us to consider the relationship between that policy and the Allstate policy. We start with the principle enunciated by Cosmopolitan Mutual Ins. Co. v. Continental Casualty Co., 28 N.J. 554, 562, 147 A.2d 529, 533 (1959), and which has been part of our jurisprudence for the past four decades, that when the "other insurance" clauses of all the policies covering a single risk render each of the policies excess if there is other insurance, all the policies are consequently primary and the carriers share the risk as primary insurers. We applied that principle in Ambrosio v. Affordable Auto Rental, 307 N.J.Super. 114, 704 A.2d 572 (App.Div.1998), in which four such policies were involved, the leasing company's policy, the lessee's policy, the lessee's permissive user's family policy, and the lessor's employer's policy. The lessor's policy, which contained the same escape clause we invalidated in Selective Ins. v. Charter Risk, supra, 261 N.J.Super. 1, 617 A.2d 664, contained an other-insurance clause virtually identical to Lexington's here. The other-insurance clause of the lessee's policy was also virtually identical to the Allstate policy before us. See Ambrosio, supra, 307 N.J.Super. at 121, 123-124, 704 A.2d at 576-77. We were satisfied, as we are here, that those clauses can be read only as excess clauses, effectively rendering both coverages primary.[3]
The final issue is the manner in which Lexington and Allstate, as primary insurers, share the risk. As made clear by Cosmopolitan, supra, 28 N.J. at 564, 147 A.2d at 534, unless all the policies contain congruent pro-rata provisions, the sharing is equal. See also American Nurses Ass'n v. Passaic General Hosp., 98 N.J. 83, 91, 484 A.2d 670, 674-75 (1984). Accordingly, in Ambrosio, supra, 307 N.J.Super. at 126-127, 704 A.2d at 578-79, involving four insurers some but not all of whose policies contained pro-rata clauses, we held that the insurers share equally up to the lowest policy limits, and the remaining insurers share equally above that sum up to the next lowest limits and so on. We were advised at oral argument that the underlying negligence action was settled for about $32,000. Since Lexington's reformed policy limit for lessees is $15,000 for a single victim, Lexington and Allstate shall share the first $30,000 equally, and Allstate is obliged to assume responsibility for the balance remaining.
We affirm the summary judgment appealed from to the extent it reformed Lexington's *448 policy to afford Gold Key's lessees and their permissive users coverage in the amount of $15,000/$30,000. It is reversed to the extent it declares Allstate to be the primary insurer, and we remand for entry of a judgment consistent with this opinion.
NOTES
[1] Although the statute continues to require a $10,000/$20,000 limit, we held in Agency Rent-A-Car v. Indemnity Ins., 268 N.J.Super. 319, 322-323, 633 A.2d 975, 977-78 (App.Div. 1993), that as a result of the adoption of N.J.S.A. 39:6B-1 the statute must be read as incorporating the $15,000/$30,000 minimum.
[2] Lexington has represented to us that its form of policy issued to Gold Key was approved by the Commissioner of Insurance. In view of the clear line of long-standing authority invalidating automobile lessor policies failing to provide unqualified statutory minimum coverage for lessees and their permissive users, we are unable to understand the basis of that approval.
[3] We note that both parties failed to cite Ambrosio v. Affordable Auto Rental, 307 N.J.Super. 114, 704 A.2d 572 (App.Div.1998) in their appellate briefs, a circumstance we find inexplicable considering that that case is virtually "on all fours" with this one and Allstate, a party there, is also a party here.