**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4279-19

SARAH E. LANDIS,

      Plaintiff,

v.

CYNTHIA R. HERAZ,

      Defendant,

and

PLYMOUTH ROCK
ASSURANCE,

      Defendant-Appellant,

and

UNITED FARM FAMILY
INSURANCE, CO.,

      Defendant-Respondent.

_____

Argued October 14, 2021 – Decided November 1, 2021

Before Judges Mawla and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Docket No. L-0080-20.

Eric S. Robinson argued the cause for appellant (Law Office of Patricia A. Palma, attorneys; Eric S. Robinson, of counsel and on the briefs).

Howard S. Shafer argued the cause for respondent (Shafer Partners, LLP, attorneys; Charles L. Ainbinder, on the brief).

PER CURIAM

In this coverage dispute arising from a claim for underinsured motorist's benefits (UIM), N.J.S.A. 17:28-1.1, defendant High Point Safety & Insurance Co. (High Point) appeals from a June 19, 2020 order denying High Point's motion for summary judgment and granting defendant United Farm Family Insurance Co.'s (Farm Family) motion for summary judgment. We affirm, substantially for the reasons set forth in Judge Jean S. Chetneys' thorough and thoughtful oral opinion.

We discern the following facts from the record. On or about June 18, 2019, plaintiff Sarah Landis was involved in a car accident with a car owned by Dashawn Streeter while plaintiff was a passenger in her mother's Nissan Sentra. At the time Justin Ferretti was driving the Nissan, and defendant Cynthia Heraz was driving the other vehicle. Heraz's insurance policy provided by Geico carried a limited $15,000 liability limit.

The Nissan Sentra was insured by plaintiff's mother, Julie Landis, through High Point. The policy specifically listed plaintiff as a licensed operator resident in the household. In the High Point policy, an insured covered under UIM was defined as, "you or any resident relative who is not a named insured" Additionally, plaintiff's grandmother, Patricia Junghans, had an insurance policy through Farm Family on a Honda Accord and a Nissan King Cab XE. Junghans' policy listed plaintiff under "Operator Information." In the Farm Family policy, an insured person covered under UIM was defined as "you or a relative." Plaintiff resided with her mother and her grandmother. The High Point policy provided UIM coverage in the amount of $100,000, while the Farm Family policy's UIM limits were $250,000.

Because plaintiff's claims would exhaust Heraz's insurance limit, she sought UIM recovery against both High Point and Farm Family. Despite her being covered under both policies, High Point and Farm Family disagreed about which company was responsible for providing coverage since both policies had other insurance clauses. High Point's other insurance clause provided:

> If bodily injury is sustained by an insured or additional insured as the result of an underinsured motor vehicle and the injured person is insured under another policy providing similar coverage, this policy will provide coverage on an excess basis. However, the total

A-4279-19

recovery cannot exceed the higher of the applicable underinsured motorists limits.

Farm Family's other insurance clause provided:

> If there is other applicable similar insurance on a loss covered by this Part:
>
> (1) any recovery for damages for bodily injury or property damage under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.
>
> > However:
> >
> > (a) if an insured is:
> >
> > > (i) a named insured under one or more policies providing similar coverage; and
> > > (ii) not occupying a vehicle owned by that insured;
> > >
> > > then any recovery for damages for bodily injury or property damage for that insured may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage to that insured as a named insured.
> >
> > (b) if an insured is:
> >
> > > (i) not a named insured under this policy or any other policy; and

4

(ii) insured as a spouse or relative under one or more policies providing similar coverage;

then any recovery for damages for bodily injury or property damage for that insured may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage to that insured as a spouse or relative.

(2) any insurance we provide with respect to a vehicle:

(a) you do not own, including any vehicle used as a temporary substitute for your insured car; or

(b) owned by you or any relative which is not insured for this coverage under this policy;

shall be excess over any other collectible insurance providing such coverage on a primary basis.

(3) if the coverage under this policy is provided:

(a) on a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

(b) on an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears

5

> to the total of all applicable limits of liability for coverage provided on an excess basis.

Since neither company provided immediate relief, on February 6, 2020, plaintiff filed a complaint alleging negligence and bad faith and requesting recovery and UIM benefits against Heraz, High Point, improperly pleaded as Plymouth Rock Assurance, and Farm Family in Gloucester County.

On March 9, 2020, Farm Family filed an answer and asserted a cross-claim against High Point requesting "a finding that [High Point] is subject to liability up to $100,000 of coverage for [p]laintiff's UIM claims, while Farm Family is subject to liability for up to $135,000 dollars for [p]laintiff's UIM claims." On March 13, 2020, High Point filed an answer and also asserted a cross-claim against Farm Family seeking "a declaration that the policy of insurance issued by High Point . . . is excess to the . . . Farm Family . . . policy which affords primary coverage to plaintiff; and no coverage is available to[p]laintiff under the High Point . . . [p]olicy." On March 16, 2020, Farm Family filed a motion to change venue to Salem County, which was granted on April 9, 2020.

On March 23, 2020, while the case was still being heard in Gloucester County, High Point filed a motion for summary judgment to dismiss plaintiff's bad faith claims. The next day, High Point filed a second motion for summary

A-4279-19

judgment seeking a declaratory judgment that Farm Family's coverage was primary while High Point's was excess and requesting a dismissal of plaintiff's complaint and Farm Family's cross-claim.

On May 12, 2020, Farm Family opposed High Point's second motion and filed its own motion for summary judgment on the coverage issues requesting a declaratory judgment stating the companies' policies provided coverage on a co-primary basis, the policies contained mutually repugnant other insurance clauses, and UIM coverage should be equally apportioned. On May 19, 2020, Farm Family filed a motion for summary judgment to dismiss plaintiff's bad faith claim.

On June 19, 2020, Judge Chetney decided High Point's and Farm Family's coverage motions.[1] Relying on CNA Insurance Co. v. Selective Insurance Co., 354 N.J. Super. 369 (App. Div. 2002), the judge decided both insurance companies provided primary coverage to plaintiff and "both insurance policies have mutually repugnant excess coverage provisions." After making those findings, the judge determined both companies were "obligated to share in the

---

[1] The judge also granted both parties' motions to summarily dismiss plaintiff's bad-faith claims, indicating "plaintiff's allegations do not meet the threshold for punitive damages as set forth in New Jersey Statute 2A:15-5.12." As no one has appealed that decision, it is not before us and will not be addressed.

costs of the expenses of any damages."   Based on <u>Hanco v. Sisoukraj</u>, 364 N.J. Super. 41 (App. Div. 2003), the judge found that since the policies contain "incongruent sharing provisions," the insurers must share liability equally. Further, because New Jersey has an anti-stacking statute, the judge noted plaintiff was limited to a maximum of $250,000 in total recovery.  Based on that limit, the judge calculated High Point would be responsible for $100,000 while Farm Family would be responsible for $135,000.  In light of her analysis, the judge granted Farm Family's summary judgment motion and denied High Point's summary judgment motion.

On or about July 30, 2020, both defendants settled with plaintiff.  High Point settled with plaintiff for $100,000.  The release agreement specifically preserved High Point's right to pursue its cross-claim against Farm Family and its right to appeal the June 19, 2020 order.  Farm Family settled for $135,000 while Heraz's insurer, Geico, settled for $15,000.

This appeal ensued.  On appeal, High Point raises the following issues for our consideration:

POINT I

THE TRIAL COURT ERRED IN RULING THAT THE "OTHER INSURANCE" CLAUSES ARE MUTUALLY REPUGNANT AND THE POLICIES

A-4279-19

SHOULD PROVIDE UIM COVERAGE ON A PRIMARY BASIS.

POINT II

THE TRIAL COURT ERRED IN RULING THE HIGH POINT POLICY PROVIDES $100,000 IN COVERGE AND THE FARM FAMILY POLICY PROVIDES $135,000 IN COVERAGE.

We review a trial court's grant of summary judgment de novo, applying the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

Our courts have drawn a distinction between a "primary insurance policy containing an excess 'other insurance' clause" and "a true excess policy." CNA Ins. Co., 354 N.J. Super. at 379. In CNA, the court explained the difference, stating:

> Customarily, a true excess policy includes a requirement for underlying primary insurance in a specific sum, and lists the underlying primary insurance. A true excess policy also requires that the

9

same insured must have purchased the underlying coverage for the same risk.

On the other hand, a primary policy with an "excess other insurance clause" is a device which allows the "primary insurer [to] attempt[] to limit or eliminate its liability where another primary policy covers the risk." The excess "other insurance" clause generally provides that the insurer's liability will be limited to the amount of the loss that exceeds all other valid and collectible insurance up to the limits of the policy. Such a provision makes a primary insurer secondarily liable when other available coverage exists. However, a primary insurance policy that contains an excess "other insurance" clause does not "transform that primary policy into an excess policy."

[Id. at 380 (citations omitted) (alterations in original).]

Here, there is no doubt that High Point and Farm Family were each primary vis-a-vis plaintiff due to her status as an insured under both policies.

When there are two policies that both extend coverage, "the respective liabilities of the two insurance companies must be determined by the terms of the 'other insurance' provisions of those policies." Cosmopolitan Mut. Ins. Co. v. Cont'l Cas. Co., 28 N.J. 554, 559 (1959). In determining whether the other insurance clauses are excess clauses, the court will examine the intent of the companies in drafting their other insurance clauses, even if the other insurance provisions are expressed in slightly varying language. Ibid. "Where the intent is clear, the fact that one of the insurers stated its intent more specifically than

A-4279-19

the other is not significant." Id. at 561 (citing Comments, 52 Colum. L. Rev. 1063 (1952)). If both clauses are considered excess, then they are deemed mutually repugnant because "there can be no 'excess' insurance in the absence of 'primary' insurance." Id. at 562. Not only are the clauses deemed mutually repugnant, but "when the 'other insurance' clauses of all the policies covering a single risk render each of the policies excess if there is other insurance, all the policies are consequently primary, and the carriers share the risk as primary insurers." Hanco, 364 N.J. Super. at 47.

Turning to the language of the "other insurance" clauses in the subject policies, it is clear that both "other insurance" clauses render their own policy excess to any other policy providing similar coverage. Thus, both other insurance clauses are excess clauses. Accordingly, as the judge correctly found, the clauses are mutually repugnant and both policies must be considered primary.

When two policies are considered primary, the risk is allocated based on the terms of the policies. See ibid. "[U]nless all the policies contain congruent pro-rata provisions, the sharing is equal." Ibid. (citing Cosmopolitan, 28 N.J. at 564). Under equal sharing, "the insurers share equally up to the lowest policy limits, and the remaining insurers share equally above that sum up to the next

lowest limits and so on." Id. at 48 (citing Ambrosio v. Affordable Auto Rental, Inc., 307 N.J. Super 114, 126-27 (App. Div. 1998)).

Here, the policies do not have congruent pro-rata provisions. See id. at 47. Whereas Farm Family's other insurance clause contains a pro-rata sharing clause; High Point's does not. Therefore, Judge Chetney correctly concluded that the companies must share the liability equally.

We also agree with the judge's calculation of the carriers' responsibility. The overall UIM recovery was limited to $250,000, the Farm Family policy's limit. After applying a $15,000 credit representing Geico's policy limit, the total recovery limit is $235,000. First, High Point's and Farm Family's responsibility is equally apportioned at $100,000, thereby exhausting the High Point policy. Then, Farm Family is responsible for the remaining $35,000, thereby reaching plaintiff's total recovery amount. Therefore, as Judge Chetney found, High Point is responsible for $100,000, and Farm Family is responsible for $135,000.

To the extent we have not addressed the parties' remaining arguments, we conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION