869 A.2d 878

PATRICIA ROBINSON AND DAVID ROBINSON, PLAINTIFFS, v. DOMINICK N. COIA, JR., JOHN DOE I–III (A FICTITIOUS NAME DESIGNATING THE OPERATOR OF THE MOTOR VEHICLE) AND JOHN DOE IV–VI (A FICTITIOUS NAME DESIGNATING THE OPERATOR OF THE MOTOR VEHICLE); INDIVIDUALLY, JOINTLY, SEVERALLY AND/OR IN THE ALTERNATIVE, DEFENDANTS, AND AVIS RENT A CAR SYSTEM, INC., DEFENDANT–APPELLANT, v. RICHARD BROWN, JR., DEFENDANT AND THIRD PARTY PLAINTIFF–RESPONDENT, v. JAMES J. O'CONNELL AND GLORIA A. MAISEY, THIRD PARTY DEFENDANTS.

Argued February 14, 2005—Decided March 29, 2005.

*John J. McDonough,* a member of the New York bar, argued the cause for appellant (*Cozen O'Connor,* attorneys; *Mr. McDonough, Elizabeth Chambers Bailey,* a member of the Pennsylvania bar and *Andrew J. Gibbs,* on the briefs).

*Allan Maitlin* argued the cause for respondent (*Sachs, Maitlin, Fleming & Greene,* attorneys).

*Richard D. Picini* submitted a brief on behalf of *amici curiae* the Hertz Corporation, Vanguard Car Rental USA Inc., Operator of the Car Rental Brands "Alamo" and "National" and Budget Rent a Car System, Inc. (*Picillo Caruso O'Toole,* attorneys; *Mr. Picini, Charles T. Rubin* and *Mark S. Fragner,* members of the New York bar, on the brief).

*Thomas J. Decker* submitted a brief on behalf of *amici curiae* Truck Renting and Leasing Association and Vehicle Renting and Leasing Industry Council (*Decker & Magaw,* attorneys).

PER CURIAM.

The judgment of the Appellate Division is reversed substantially for the reasons expressed in the thorough and persuasive dissenting opinion of Judge Wecker below. *Robinson v. Coia,* 369 *N.J.Super.* 336, 347–354, 848 *A.*2d 888 (App.Div.2004). We add only the following.

This appeal is about the respective obligations of an insurer on a personal policy of automobile insurance and a self-insured car rental company for injuries sustained by a third party in an accident involving a rented vehicle. Richard Brown, Jr., rented a car from Avis Rent A Car System, Inc. in Cherry Hill, New Jersey. He declined to purchase any additional coverage from Avis when it was offered as part of the rental agreement. At the time of the rental, Brown had a personal automobile insurance policy from Farmers Insurance Exchange, which contained an excess insurance clause that made its coverage excess to all other collectible coverage. Avis, on the other hand, self-insured those of its vehicles registered in Pennsylvania. Such was the car rented to Brown.

In Paragraph 18 of the rental agreement executed by Brown, he agreed that

[t]he coverage provided by [Avis] shall be excess of any applicable insurance available to me or any other driver, from any other source, whether primary,

excess, secondary or contingent in any way. Otherwise, it is provided according to the terms, and subject to the conditions, of a standard automobile liability insurance policy, including all requirements as to notice and cooperation on my part, which are hereby made a part of this agreement.

Had Brown purchased additional insurance, then "the coverage provided by [Avis] according to paragraph 18 . . . shall be primary and the combined limits of liability protection shall be [$1,000,000 per person/$1,000,000 per accident]. Unfortunately, Brown was involved in a multi-car accident while driving the Avis rental car on the Atlantic City Expressway. That automobile accident, and the resultant personal injury action brought by third parties, provides the backdrop to this appeal.

As noted, the Pennsylvania-registered automobile involved in the accident was self-insured by Avis. Had Avis rented a car registered in New Jersey to Brown, however, the same result would pertain vis-a-vis the personal automobile insurance policy held by Brown. The policy of business automobile insurance coverage Avis purchased to cover its New Jersey registered vehicles required the renter's personal automobile policy to be primary and the Avis policy to be treated as excess to the renter's policy. Only when the renter purchased additional liability insurance on executing the rental agreement would the Avis policy be primary. Under either the self-insurance program or the purchased policy, Avis as the "named insured" maintains insurance covering liability to a person injured in an accident involving one of its vehicles thereby satisfying the requirements of *N.J.S.A.* 45:21–3.[1]

---

[1] The policy purchased by Avis contained an "Other Insurance" clause that provided:

> a. With respect to anyone insured under this policy other than the named insured, . . . the insurance furnished under this policy is excess over any other valid and collectible insurance whether such other insurance is stated to be primary, contributing, secondary, excess, contingent or otherwise unless the other policy was issued by us or an affiliated company specifically to apply in excess of this policy.
>
> b. With respect only to the named insured, . . . the following shall apply: for any covered auto you own this policy provides primary insurance.

 Thus, the fact of self-insurance does not change the result in this dispute about coverage. We agree with the analysis of the dissenting judge below that a rental company may self-insure to fulfill the liability requirements of *N.J.S.A.* 45:21-3. *Robinson, supra,* 369 *N.J.Super.* at 347–49, 848 *A.*2d 888. *See Agency Rent–A–Car v. Indemnity Ins. Co. of North America,* 268 *N.J.Super.* 319, 324–25, 633 *A.*2d 975 (App.Div.1993).[2] Compliance with that obligation does not require that the rental company's policy of insurance (or self-insurance) must be primary in respect of a renter's liability to third parties. *See Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co.,* 28 *N.J.* 554, 563, 147 *A.*2d 529 (1959). Moreover, the dissent concluded that in this instance, when Avis's coverage by operation of contract and statute (memorialized in the rental agreement) and the renter's "other insurance" clause were each, by their terms, "excess" to the other, the two should be treated as co-primary. *Robinson, supra,* 369 *N.J.Super.* at 353–54, 848 *A.*2d 888. We agree also with that approach.

The judgment of the Appellate Division is reversed and the matter is remanded for further proceedings consistent with this opinion.

*For reversal and remandment*—Chief Justice PORITZ, and Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, WALLACE, RIVERA–SOTO—7.

*Opposed*—None.

---

[2] We note that the amount in dispute is within the limits of liability contained in *N.J.S.A.* 45:21-3. We express no opinion, however, on whether a self-insuring rental company can limit its liability to the statutory minimums, absent excess coverage.